**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DORA GREEN,                                )        NO. CV 06-3942-E
                                           )
              Plaintiff,                   )
                                           )
     v.                                    )        **MEMORANDUM OPINION**
                                           )
MICHAEL J. ASTRUE, COMMISSIONER            )        **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,         )
                                           )
              Defendant.                   )
_____)


     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's motion for summary judgment is denied,

Defendant's motion for remand is granted, and this matter is remanded

for further administrative action consistent with this Opinion.


                            **PROCEEDINGS**


     Plaintiff filed a complaint on June 26, 2006, seeking review of

the Commissioner's denial of benefits.  The parties filed a consent to

proceed before Magistrate Judge Johnson on August 7, 2006.

///

1   Plaintiff and Defendant filed the "Parties' Joint Stipulation for

2   Disposition of Claim for Relief from Decision of the Commissioner"

3   ("Joint Stipulation") on May 11, 2007.   In the Joint Stipulation, both

4   parties agreed that the present record is insufficient to support the

5   Commissioner's denial of benefits.   Plaintiff seeks an order for the

6   immediate payment of benefits, while Defendant seeks a remand for

7   further administrative proceedings.

8

9   On July 23, 2009, this case was transferred from Magistrate Judge

10  Johnson to Magistrate Judge Eick.   On August 5, 2009, the parties

11  filed a consent to proceed before Magistrate Judge Eick.

12

13                          **BACKGROUND**

14

15  By Judgment and Order entered March 16, 2005, Magistrate Judge

16  Johnson reversed a prior administrative decision in Plaintiff's case,

17  holding that the Administrative Law Judge ("ALJ") had erred in deeming

18  not fully credible Plaintiff's subjective complaints of pain

19  (Administrative Record ("A.R.") 222-35).   At that time, Magistrate

20  Judge Johnson remanded the matter for further administrative

21  proceedings, ordering that the Administration credit Plaintiff's

22  subjective complaints of pain as a matter of law.   Id.

23

24  On remand, the ALJ failed to credit in the hypothetical

25  questioning of the vocational expert certain of Plaintiff's pain-

26  related subjective complaints.   Specifically, the hypothetical

27  questioning failed to credit Plaintiff's complaints that she can only

28  walk half a block, stand for 10 minutes at a time, and sit for

1  20 minutes at a time (A.R. 255-57).  In response to the ALJ's

2  deficient hypothetical questioning, the vocational expert identified

3  the light work jobs of office helper, bench packer, and bench

4  inspector as jobs Plaintiff assertedly could perform (A.R. 257-58).

5  Plaintiff's counsel cross-examined the vocational expert, but did not

6  pose a hypothetical question that included the subjective complaints

7  omitted by the ALJ (A.R. 258-60).

8

9                              **DISCUSSION**

10

11     When there exists error in an administrative determination, "the

12  proper course, except in rare circumstances, is to remand to the

13  agency for additional investigation or explanation."  INS v. Ventura,

14  537 U.S. 12, 16 (2002) (citations and quotations omitted); compare

15  Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("[I]n the

16  unusual case in which it is clear from the record that the claimant is

17  unable to perform gainful employment in the national economy, even

18  though the vocational expert did not address the precise work

19  limitations established by the improperly discredited testimony,

20  remand for an immediate award of benefits is appropriate."];

21  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994)

22  ("[G]enerally, we direct the award of benefits in cases where no

23  useful purpose would be served by further administrative proceedings,

24  or where the record has been thoroughly developed") (citations and

25  quotations omitted).

26

27     In this Court's view, the instant case does not present one of

28  the "rare" or "unusual" circumstances in which an order for the

                                    3

immediate payment of benefits is appropriate.  Plaintiff's entitlement
to benefits remains unclear, and additional administrative proceedings
could remedy the defects in the most recent administrative decision.
Specifically, it is not clear from the present record that a person
limited to walking for half a block, standing for 10 minutes at a time
and sitting for 20 minutes at a time would be incapable of performing
the light work jobs identified by the vocational expert.  Indeed, the
vocational expert volunteered that "these jobs would afford an
opportunity to vary sitting, standing and walking throughout a normal
work day" (A.R. 257).  Under the specific circumstances of this case,
therefore, remand is appropriate.  Id.; see, e.g., Page v.
Commissioner, 304 Fed App'x 520 at *2 (9th Cir. Dec. 17, 2008) (where,
after crediting the plaintiff's testimony, the record was unclear
whether the plaintiff would be disabled from all employment, remand
was appropriate); Alfaro v. Astrue, 2009 WL 425627 at *6 (E.D. Wash.
Feb. 13, 2009) ("It is not clear from the record that Plaintiff is
disabled; therefore, remand for additional proceedings is required.");
compare Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (remand
for award of benefits is appropriate where "it is clear from the
record that the ALJ would be required to find [the claimant] disabled
if [the claimant's] testimony were credited").


    Plaintiff cites cases from other circuits in arguing that a court
should grant benefits where the delay occasioned by repeated remands
has become "unconscionable," or where the Administration has displayed
"obduracy" in complying with the law of the case (Joint Stipulation at
5-6).  However, it is uncertain whether courts may grant disability
benefits merely because a claimant has been waiting a long time or

because the Administration has been obdurate.  In a case cited by

Plaintiff, the First Circuit declined to decide when delay alone might

justify the granting of benefits.  Seavey v. Barnhart, 276 F.3d 1, 13

(1st Cir. 2001).  The Seavey Court observed, however, that "the

Supreme Court has noted that Congress was fully aware of the serious

delays in resolution of disability claims yet declined to impose

deadlines . . ."  Id. at 13 n.14 (citing Heckler v. Day, 467 U.S. 104

(1984).  Although Plaintiff argues that the Seventh Circuit

automatically awarded disability benefits based on the

Administration's obduracy in Wilder v. Apfel, 153 F.3d 799 (7th Cir.

1998) ("Wilder"), the Seventh Circuit itself later rejected such an

interpretation of Wilder.  "Wilder did not hold, however, that

obduracy alone could ever warrant an award of benefits."  Briscoe ex

rel. Taylor v. Barnhart, 425 F.3d 345, 356 (7th Cir. 2005).  According

to the Seventh Circuit:

> It remains true that an award of benefits is appropriate
> only if all factual issues have been resolved and the record
> supports a finding of disability . . . This is so because a
> court does not have the authority to award disability
> benefits on grounds other than those provided under 42
> U.S.C. § 423.  Subsection (a)(1)(E) requires that the
> claimant must be disabled under the Act in order to qualify
> for benefits.  As the Supreme Court stated in Office of
> Personnel Management v. Richmond, payment from the U.S.
> Treasury must be authorized by a statute.  496 U.S. 414,
> 424, 110 S. Ct. 2465, 110 L.Ed. 2d 387 (1990).  Obduracy is
> not a ground on which to award benefits; the evidence

properly in the record must demonstrate disability.  Id. at
356-57 (citations and quotations omitted).

        Although the Ninth Circuit has not spoken directly to these
issues, the Circuit has appeared to suggest that delay and obduracy
sometimes should factor into the analysis.  See, e.g., Benecke v.
Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the
Commissioner to decide the issue again would create an unfair 'heads
we win; tails, let's play again' system of disability benefits
adjudication. . . .  Remanding a disability claim for further
proceedings can delay much needed income for claimants who are unable
to work and are entitled to benefits, often subjecting them to
tremendous financial difficulties while awaiting the outcome of their
appeals and proceedings on remand") (citations and quotations
omitted).

        This Court need not and does not determine whether, in an
appropriate case, the law would permit the granting of disability
benefits to a likely non-disabled claimant based on the
Administration's unconscionable delay or obduracy.  In the present
case, the Administration acted relatively promptly following
Magistrate Judge Johnson's prior remand.[1]  For the most part, the
Administration did not evidence obduracy in complying with the law of
the case.  For example, in examining the medical expert, the ALJ
stated:

///

---

[1]    Regrettably, the Court has been responsible for most of
the post-remand delay the parties have experienced.

1    This matter has been up to the Federal District Court, and

2    at the Federal District Court, there was a discussion about

3    how much weight the Agency should give to the claimant's

4    testimony about her condition.  She testified previously

5    that – and this was in the hearing in 2004, that she can

6    walk a half a block, she can stand for 10 minutes at a time,

7    and sit for 20 minutes at a time.  And what I want you to

8    know is that I want you to give that full credibility and I

9    want you to give that your full weight of consideration

10   (A.R. 247).

11

12  Similarly, the ALJ acknowledged in the written decision that the

13  "District Court credited [Plaintiff's] pain complaints as a matter of

14  law and remanded the case with instructions to re-assess the

15  claimant's residual functional capacity as it is affected by her

16  subjective complaints of pain and to obtain vocational exert [sic]

17  testimony in analyzing the claimant's employability" (A.R. 172).  The

18  ALJ misapplied Magistrate Judge Johnson's remand directive by failing

19  to include certain specific limitations in the hypothetical

20  questioning of the vocational expert, but the ALJ did not wholly

21  ignore or flaunt Magistrate Judge Johnson's directive.[2]  Therefore,

22  even if, in an appropriate case, factors of delay and obduracy

23  properly could tip the balance of the analysis in favor of an

24  immediate award of benefits rather than a remand for further

25  proceedings, consideration of those factors does not tip the balance

26

27        [2]   Although it was not the burden of Plaintiff's counsel to
    do so, counsel could have remedied the ALJ's omissions at the time
28  of the hearing by posing an alternative hypothetical question to
    the vocational expert.

1  in the present case.

2

3                              **CONCLUSION AND ORDER**

4

5         For all of the foregoing reasons, this matter is remanded for

6  further administrative action consistent with this Opinion.

7  Specifically, the Appeals Council shall direct an ALJ to:

8

9         Give further consideration to Plaintiff's maximum residual

10        functional capacity during the entire period at issue,

11        provide appropriate rationale with specific references to

12        evidence of record in support of assessed limitations, and

13        clearly articulate Plaintiff's maximum residual functional

14        capacity in terms consistent with  20 CFR 416.945.

15        Furthermore, in accordance with the order of remand by the

16        United States District Court for the Central District of

17        California, Western Division, filed March 15, 2005, the

18        Administrative Law Judge shall credit as true and as a

19        matter of law, Plaintiff's subjective complaints that she

20        can walk only half a city block, she can stand for only ten

21        minutes at a time, and she can sit for only twenty minutes

22        at a time.  These limitations must be incorporated into the

23        assessment and findings for Plaintiff's residual functional

24        capacity.

25

26        Obtain supplemental evidence from a vocational expert to

27        clarify the effect of the assessed limitations on

28        Plaintiff's occupational base, and as necessary, to

1    determine whether Plaintiff has acquired any skills that are

2    transferable to other occupations under the guidelines in

3    Social Security Ruling 82-41.  The hypothetical questions

4    must clearly reflect the specific capacity limitations

5    established by the record as a whole and the limitations

6    incorporated into Plaintiff's residual functional capacity,

7    credited as true and as a matter of law.  The Administrative

8    Law Judge shall ask the vocational expert to identify

9    examples of appropriate jobs, if any, and to state the

10   incidence of any such jobs in the national economy.

11   Further, before relying on the vocational expert evidence,

12   the Administrative Law Judge shall identify and resolve any

13   conflicts between the occupational evidence provided by the

14   vocational expert and information in the Dictionary of

15   Occupational Titles and its companion publication, the

16   Selected Characteristics of Occupations (Social Security

17   Ruling 00-4p).[3]

18

19   LET JUDGMENT BE ENTERED ACCORDINGLY.

20

21        DATED:  August 5, 2009.

22

                _____/S/_____
23                        CHARLES F. EICK
                  UNITED STATES MAGISTRATE JUDGE
24

25

26

     _____
27        [3]    Thus, the Court has adopted the substance (and most of
     the phrasing) of the remand order proposed in Defendant's portion
28   of the Joint Stipulation.

                                    9